Opinion issued November 20, 2003 










 
 










In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-01132-CV
____________

IN RE DARRYL K. PITTMAN, Relator




Original Proceeding on Petition for Writ of Mandamus



 
MEMORANDUM OPINION
               Relator, Darryl K. Pittman, has filed a motion for leave to file petition for
writ of mandamus and a petition for writ of mandamus. The motion for leave to file
the petition is granted. We next consider the petition on its merits.
               Relator raises two grounds for relief. First, he requests that this Court
compel respondent


 to dismiss his court-appointed counsel and appoint other counsel
to represent him in cause number 933771, pending in the 184th District Court. 
Relator further argues that he has been denied his constitutional right to a speedy trial.
               A writ of mandamus will issue to correct a clear abuse of discretion or the
violation of a duty imposed by law when there is no adequate remedy at law. 
Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994) (orig.
proceeding).
               Regarding relator’s first contention that his appointed counsel is rendering
ineffective assistance and should be replaced, trial counsel’s performance is a matter
that may be addressed on direct appeal if adequately supported by the record. See
Bone v. State, 77 S.W.3d 828 (Tex. Crim. App. 2002). In addition, a trial court has
no duty to search for counsel agreeable to an indigent defendant. Buntion v. Harmon,
827 S.W.2d 945, 949 (Tex. Crim. App. 1992); Solis v. State, 792 S.W.2d 95, 100
(Tex. Crim. App. 1990). Therefore, because relator has an adequate remedy by
appeal if his trial counsel’s representation is ineffective, and because a trial court is
well within the proper exercise of its discretion in denying a request for the
appointment of other counsel, mandamus is not an available remedy. See Barnes v.
State, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).
               Regarding relator’s speedy trial claims, relator has an adequate remedy at
law. The question of whether a defendant’s right to a speedy trial was violated is
directly appealable after conviction. See Zamorano v. State, 84 S.W.3d 643 (Tex.
Crim. App. 2002) (conviction reversed on speedy trial grounds). In Smith v.
Gohmert, 962 S.W.2d 590, 592-93 (Tex. Crim. App. 1998), the Texas Court of
Criminal Appeals denied mandamus relief, holding that the relator had an adequate
remedy at law on his speedy trial claims.
               Because relator is not eligible for mandamus relief on either ground, the
petition for writ of mandamus is denied.
               It is so ORDERED.
PER CURIAM

Panel consists of Chief Justice Radack, and Justices Keyes and Alcala.