**Clinton Wayne SMITH, Relator–Applicant,**

v.

**Hon. Louis B. GOHMERT, Jr., Judge, Seventh District Court, Respondent.**

No. 72845.

Court of Criminal Appeals of Texas, En Banc.

Feb. 11, 1998.

Bobby D. Mims, William C. Wright, Tyler, for appellant.

David Dobbs, Edward J. Marty, Asst. Dist. Attys., Tyler, Matthew Paul, State's Atty., Austin, for the State.

## OPINION

MANSFIELD, Judge, delivered the opinion of the Court, in which McCORMICK, Presiding Judge, and KELLER, PRICE and HOLLAND, Judges, joined.

This is an original proceeding. Relator–Applicant Clinton Wayne Smith seeks mandamus and/or habeas corpus relief from this Court[1] to vindicate his federal and state constitutional rights to a speedy trial.[2] More specifically, Smith asks this Court to order the Honorable Louis B. Gohmert, Jr., Judge of the Seventh District Court of Smith County, to dismiss a capital murder indictment pending against Smith. We will deny the relief requested.

### The Relevant Facts

On September 8, 1988, Smith pled guilty to aggravated robbery in cause number 1–85–127 in the 241st District Court of Smith County. On November 22, 1988, that district court sentenced him to imprisonment for 99 years. Smith began serving his sentence on that date, and he is still serving that sentence today.[3]

On March 10, 1989, the Smith County grand jury returned an indictment in the Seventh District Court of Smith County charging Smith with capital murder in cause number 7–89–155.

On October 23, 1996, Smith filed a *pro se* motion in this Court for leave to file an original petition for mandamus and/or habeas corpus relief. In his motion, Smith argued *inter alia* that his federal and state constitutional rights to a speedy trial had been violat-

---

1. This Court is empowered by Article V, § 5, of the Texas Constitution to issue writs of habeas corpus and, in criminal law matters, writs of mandamus.

2. The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." This right was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 222–223, 87 S.Ct. 988, 993–994, 18 L.Ed.2d 1 (1967). Article I, § 10, of the Texas Constitution provides in relevant part that "[i]n all criminal prosecutions the accused shall have a speedy public trial."

3. Smith's conviction and sentence were affirmed on appeal.

ed in cause number 7–89–155 because of the failure of the Seventh District Court to set the case for trial. In particular, he argued (a) that the seven and one-half year delay had prejudiced his defense because of the loss of an alibi witness; (b) that, because of the indictment, a detainer had been lodged against him, hampering his educational and employment opportunities in prison; and (c) that he had asserted his speedy trial right in the district court on August 5, 1993, in a *pro se* motion to dismiss for lack of prosecution. For relief, Smith asked this Court to order the district court to dismiss the capital murder indictment.

On December 4, 1996, after concluding that Smith had made a colorable speedy trial claim,[4] we ordered the Seventh District Court to file a response.[5] In its response, the district court confirmed that the capital murder indictment against Smith was still pending, but it denied that a detainer had ever been lodged against him. The district court also explained that, at least since January 1, 1993, "there ha[d] been defendants incarcerated [in Smith County] each week who were not also being held on some … prior conviction, who [had] seemed to require more immediate attention than someone [like Smith] currently [serving] a 99–year sentence." Finally, the district court insisted that "[t]he delay in trying [Smith's] case ha[d] not been for the convenience of the State."

On April 2, 1997, we ordered the district court "to conduct an evidentiary hearing in order to give [Smith] an opportunity to prove his claim that he ha[d] been denied his right to a speedy trial." In particular, we ordered the district court to "make findings of fact as to (a) when [Smith] asserted his right to a speedy trial, (b) what witnesses and evidence [were] no longer available due to the delay in bringing [him] to trial, and (c) what the testimony of any unavailable witnesses would have been."

On May 27–28, 1997, the district court conducted an evidentiary hearing as directed. On May 30, 1997, the district court found (a) that Smith's *pro se* motion to dismiss for lack of prosecution had not been filed in the district court in August or September 1993; (b) that Smith had asserted his speedy trial right *sometime* before December 2, 1996; and (c) that Smith had presented "no sworn testimony or credible evidence of witnesses or evidence that [was] no longer available."

Finally, on August 11, 1997, we granted Smith's motion for leave to file, but only with respect to his speedy trial claim.

### Analysis

We consider first the propriety of mandamus relief in this case.

 Mandamus is an extraordinary writ, and its issuance is never a matter of right but rests in the sound discretion of the Court. *Dickens v. Second Court of Appeals*, 727 S.W.2d 542, 549 (Tex.Crim.App.1987). A relator is eligible for mandamus relief only when he can establish two prerequisites: first, that he has no other adequate remedy at law; and second, that under the relevant law and facts, the act he seeks to compel is "ministerial." *Stotts v. Wisser*, 894 S.W.2d 366, 367 (Tex.Crim.App.1995).

In *Pope v. Ferguson*, 445 S.W.2d 950, 955–956 (Tex.1969), the Texas Supreme Court held that a defendant seeking a dismissal of an indictment on speedy trial grounds was not eligible for mandamus relief, because such a defendant had an adequate remedy at law, to wit: the defendant could file a motion to set aside the indictment in the trial court, pursuant to Article 27.03 of the Texas Code of Criminal Procedure, and if the trial court erroneously denied the motion, the defendant could appeal from any conviction that resulted from the continued prosecution.

In *Thomas v. Stevenson*, 561 S.W.2d 845, 847 n. 1 (Tex.Crim.App.1978), we "concur[red] … with the rationale of *Pope*."

---

**4.** See *Doggett v. United States*, 505 U.S. 647, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992); *Harris v. State*, 827 S.W.2d 949, 956–957 (Tex.Crim.App.), cert. denied, 506 U.S. 942, 113 S.Ct. 381, 121 L.Ed.2d 292 (1992); G. Dix & R. Dawson, *Texas*

*Criminal Practice and Procedure* §§ 23.34 & 23.42 (1995).

**5.** The State has filed no response to Smith's motion for leave to file.

Furthermore, we reiterate that position in later cases. See *Hazen v. Pickett,* 581 S.W.2d 694, 695 (Tex.Crim.App.1979); *Ordunez v. Bean,* 579 S.W.2d 911, 913–914 (Tex.Crim.App.1979). As a matter of *stare decisis,* therefore, we adhere to that position today.[6]

In any event, we continue to believe that a defendant seeking to compel a dismissal of an indictment on speedy trial grounds has an adequate remedy at law and, therefore, has no need for the drastic remedy of mandamus. As the United States Supreme Court observed in *United States v. MacDonald,* 435 U.S. 850, 860–861, 98 S.Ct. 1547, 1552–1553, 56 L.Ed.2d 18 (1978):

> ... There perhaps is some superficial attraction in the argument that the right to a speedy trial ... must be vindicated before trial in order to insure that no non-speedy trial is ever held. Both doctrinally and pragmatically, however, this argument fails. Unlike the protection afforded by the Double Jeopardy Clause, the Speedy Trial Clause does not, either on its face or according to the decisions of this Court, encompass a "right not to be tried" which must be upheld prior to trial if it is to be enjoyed at all. It is the delay before trial, not the trial itself, that offends the constitutional guarantee of a speedy trial. If ... an accused [is deprived] of his right to a speedy trial, that loss, by definition, occurs before trial. Proceeding with the trial does not cause or compound the deprivation already suffered.

In summary, we hold that Smith has an adequate remedy at law; therefore, he is not eligible for mandamus relief.[7]

We consider next the propriety of habeas corpus relief in this case.

■ Like mandamus, "[h]abeas corpus is an extraordinary remedy; and, ordinarily, neither a trial court nor this Court, either in the exercise of our original or appellate jurisdiction, should entertain an application for writ of habeas corpus where there is an adequate remedy at law." *Ex parte Groves,* 571 S.W.2d 888, 890 (Tex.Crim.App.1978). See 39 C.J.S. *Habeas Corpus* § 11 (1976). We have already held that Smith has an adequate remedy at law; therefore, he is not entitled to habeas corpus relief. See *Ex parte Delbert,* 582 S.W.2d 145, 146 (Tex.Crim.App.1979); *Ex parte Trillo,* 540 S.W.2d 728, 733 n. 8 (Tex.Crim.App.1976); *Williams v. State,* 464 S.W.2d 842, 844 (Tex.Crim.App.1971); *Ex parte Jones,* 449 S.W.2d 59, 60 (Tex.Crim.App.1970).

The relief for which Smith prays is DENIED.

MEYERS, Judge, concurring.

I agree with the majority that Relator is not entitled to mandamus relief because he has an adequate remedy at law. The majority distinguishes *Chapman v. Evans,* 744 S.W.2d 133 (Tex.Crim.App.1988), from the instant case on the ground that the relator there sought to compel the district court to either dismiss his indictment *or* set the case for trial. *Smith v. Gohmert,* 962 S.W.2d 590, 593 n. 7 (Tex.Crim.App.1998). Here, relator only seeks dismissal of the indictment. In my view, *Chapman* is not so much distinguishable, as it is simply bad law.

Mandamus relief will lie only when two criteria are shown: (1) relator has no other adequate remedy at law; and (2) relator seeks to compel a "ministerial" act. An act is "ministerial" if it is a task that does not involve *any* discretion:

---

6. Very weighty considerations underlie the doctrine of *stare decisis.* See *McGlothlin v. State,* 896 S.W.2d 183, 188–189 (Tex.Crim.App.), cert. denied, 516 U.S. 882, 116 S.Ct. 219, 133 L.Ed.2d 150 (1995); *Wheatfall v. State,* 882 S.W.2d 829, 843 (Tex.Crim.App.1994), *cert. denied,* 513 U.S. 1086, 115 S.Ct. 742, 130 L.Ed.2d 644 (1995); *Garrett v. State,* 851 S.W.2d 853, 862–863 (Tex.Crim.App.1993) (Campbell, J., dissenting).

7. The case *sub judice* should be distinguished from *Chapman v. Evans,* 744 S.W.2d 133 (Tex.Crim.App.1988). In *Chapman,* the relator

sought the issuance of a writ of mandamus to compel the trial court *either* to set his case for trial *or* dismiss the indictment pending against him. We held that the relator was eligible for a writ of mandamus to compel the trial court *to set the case for trial.* We reasoned that the relator had no adequate remedy at law and, under the particular facts of that case, he had a clear legal right to have his case set for trial, as he had requested. See *Buntion v. Harmon,* 827 S.W.2d 945, 947 n. 2 (Tex.Crim.App.1992).

[A] "ministerial" act is one which is accomplished without the exercise of discretion or judgment. If there is any discretion or judicial determination attendant to the act, it is not ministerial in nature. Nor is a ministerial act implicated if the trial court must weigh conflicting claims or collateral matters which require legal resolution.

Examples are helpful in making clear the distinction between ministerial and discretionary acts. Vacating an order is ministerial, as is forwarding the notice of appeal. Issuing process under the direction of a judge is ministerial. Also, issuing or executing capias after mandate has issued is ministerial in nature. Last, consideration of a motion properly filed and before the court is ministerial.

Deciding how to rule after considering a motion to dismiss, however, is not a ministerial act. Determining whether to grant an application for probation is considered discretionary, and thus beyond the scope of extraordinary relief. *Although the court may be compelled to consider a motion, mandamus or prohibition is not available to require that the judge rule a certain way on that motion.*

*Curry v. Gray,* 726 S.W.2d 125, 128 (Tex. Crim.App.1987) (citations omitted)(emphasis added). In *Curry v. Gray,* the State sought a writ of mandamus to compel the trial court to vacate a pretrial order in which it had ruled that the State was collaterally estopped from trying a criminal defendant for capital murder. We held the trial court's ruling on the motion was not a ministerial act. While a trial court may not have discretion *whether* to rule or act on a motion, a trial court has discretion in deciding *how* to rule. A trial court cannot be compelled to rule "correctly" on a matter involving discretion:

Jurisdiction, it is agreed, includes the power to determine either rightfully or wrongfully. It can make no difference how erroneous the decision may be. If a trial judge has jurisdiction over a particular issue, he is empowered to decide that issue in any way he has authority to do so; however, he cannot be required, by extraordinary writ of mandamus or prohibition, to decide that

issue "correctly." This is one reason why extraordinary relief is not available to compel a particular outcome where deciding that outcome involves a discretionary or judicial act. The law confers the authority to decide upon the judge, and the correctness of his or her decision may not be supervised at every step by appellate courts.

The question is not whether respondent made an incorrect decision regarding the motion. The question is did respondent have the authority to rule in any way he believed proper. In the case before us, respondent had the jurisdiction and the complete authority to consider and rule upon the motion presented by Battie regarding collateral estoppel, regardless of the propriety of the actual ruling made.

*Id.* at 128–29 (citations omitted).

In *Chapman,* the relator brought a mandamus action to compel the district court to either set for trial or dismiss a pending indictment, on the basis of his right to a speedy trial. Without discussing whether relator had an adequate remedy at law or whether the act sought was ministerial, this Court applied the "difficult and sensitive balancing process" established by the Supreme Court for assessing whether a defendant's right to a speedy trial had been violated:

... As previously stated, we must engage in a balancing process of the four factors enunciated in *Barker [v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)] to determine whether the defendant's right to a speedy trial must yield to a reasonable delay in the commencement of trial for justifiable reasons. In this case, the balance is clearly in favor of the relator's right to a speedy trial.

*Chapman,* 744 S.W.2d at 137–38. It is not altogether clear whether the Court held the relator's right to a speedy trial *had been violated* or *was about to be* violated, but at any rate, we warned that a writ of mandamus would issue compelling the trial court to set the case for trial if it did not do so within thirty days. The inconsistency between *Curry* and *Chapman* is painfully obvious. *See* GEORGE E. DIX AND ROBERT O. DAWSON, 43 TEXAS PRACTICE, CRIMINAL PRACTICE AND PROCEDURE

§ 46.51 at 535 (West 1995)("[w]hy the analysis necessary in *Curry* was such as to bar relief while that required in *Chapman* was not simply defies explanation"). How can a legal determination characterized as a "difficult and sensitive balancing process" involving consideration and weighing of four factors by any stretch be an act that is not discretionary? While a trial court may not have discretion on whether or not to hold a hearing on a defendant's motion for a speedy trial, that court surely has discretion in how to rule on such motion. *Chapman* was wrong to the extent it could be construed as holding that the trial court was compelled to rule *in favor of* applicant on his motion for speedy trial.

Relator has an adequate remedy at law from an adverse ruling on a motion for speedy trial. Moreover, deciding how to rule on a motion for speedy trial is not ministerial. With these comments, I concur in the judgment of the Court.

WOMACK, J., joins.

BAIRD, Judge, dissenting.

Relator [1] was indicted for the instant offense on March 10, 1989, and has not yet received a trial. Respondent's only excuse is docket congestion. However, in *Chapman v. Evans*, 744 S.W.2d 133, 137 (Tex.Cr.App. 1988), we held: "... overcrowded trial dockets alone cannot justify the diminution of the criminal defendant's right to speedy trial." Therefore, the only issue in this case is the appropriate remedy to redress this constitutional violation. Relator contends he is entitled to either mandamus or habeas relief. The majority and concurring opinions hold a direct appeal is the appropriate remedy. For the following reasons, I believe the majority's position is unsound and that, depending on the type of relief requested, the appropriate remedy is either mandamus or habeas corpus.

## I. Appeal

Both the majority and concurrence deny relief under the mistaken assumption that relator has an adequate remedy at law, namely, appeal following the denial of a motion to dismiss for want of a speedy trial and conviction. *Ante*, majority op. at 593 and; concurring op. at 595. However, both opinions fail to take into account that relator may never receive a trial. Neither opinion suggests that relator will ever be tried. And, after being held for nine years awaiting trial, there is no reason to assume he ever will be. So long as there is no trial, relator has no remedy. Under the majority and concurring opinion, relator could be held forever without a trial. Therefore, the reasoning of the majority demonstrates again its partisan agenda of reaching results which benefit the State. The reasoning of the concurrence is evidence of too little thought.

## II. Mandamus

I can see two instances that involve the right to a speedy trial. The first instance is where the defendant contends he is about to lose his right to present a defense if trial does not commence within a specified time. In such an instance, I would hold mandamus is the appropriate vehicle to obtain a speedy trial. For support of this position, one need look no further than *Chapman v. Evans*, 744 S.W.2d 133 (Tex.Cr.App.1988), where we ordered the trial judge to set the case for trial or a writ of mandamus would have issued. *Id.*, 744 S.W.2d at 138.

The majority makes only passing reference to *Chapman*. *Ante* at 593, n. 7. There the majority boldly states that *Chapman* is distinguishable but the majority never makes a distinction. On the other hand, Judge Meyers concurrence recognizes *Chapman* is not distinguishable so he labels *Chapman* as "simply bad law." *Ante* at 593. Judge Meyers believes there is a conflict between *Chapman* and *Curry v. Gray*, 726 S.W.2d 125, 128 (Tex.Cr.App.1987), where we held a trial judge has a ministerial duty to rule on a motion but cannot be compelled to rule correctly on the motion. But there is no conflict. Once a trial court is vested with juris-

---

1. The party seeking relief in this case refers to himself as "relator-applicant" because he is requesting either mandamus relief or habeas cor-

pus relief. For convenience, we refer to him as "relator."

diction over a case, the trial judge has a ministerial duty to try that case. Therefore, when we order that a case be set for trial, we are not affecting a discretionary act. To follow Judge Meyers' logic to its natural conclusion, we could never order a trial judge to do anything that would affect the trial court's docket. In short, we could not order the trial judge to hold a belated *Batson* hearing, nor conduct an evidentiary hearing on a writ application, or anything else. We would be powerless.

Therefore, I would hold that if a defendant establishes he is about to lose his right to present a defense if the trial does not commence within a specified time, mandamus is the appropriate vehicle to obtain a speedy trial.

### III. Habeas Corpus

The second instance to involve the right to speedy trial is presented when one claims his right to a speedy trial has been violated. This is the situation presented by relator.

In this instance, mandamus is not appropriate because in order to determine whether there has been a violation, the four factors of *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972), must be balanced. Because a balancing act is accomplished by the exercise of judgment, it is discretionary and not ministerial. Nevertheless, there must be an adequate remedy to redress this constitutional violation. I would hold the appropriate remedy is pretrial habeas corpus.

The majority considers, and summarily dismisses, the remedy of habeas corpus because they have already concluded relator has an adequate remedy at law. *Ante* at 593. For his part, Judge Meyers does not discuss the appropriateness of habeas corpus. I believe this remedy deserves a bit more attention.

Pretrial habeas is provided for at Tex.Code Crim. Proc. Ann., arts. 11.08 and 11.07, § 2. It has been used to assert violations of funda-

mental constitutional or jurisdictional matters. In this context, we have held one may use pretrial habeas corpus to assert claims of constitutional violations with respect to double jeopardy and bail. *Ex parte Robinson*, 641 S.W.2d 552, 555 (Tex.Cr.App.1982) (double jeopardy); *Ex parte Keller*, 595 S.W.2d 531, 532–533 (Tex.Cr.App.1980) (bail). The rationale for this is simple, if pretrial habeas were not available, those constitutional protections would be effectively undermined. This rationale necessarily applies to the right of speedy trial.[2]

Therefore, I would hold that the vehicle to claim a violation of the constitutional right to speedy trial is by pretrial habeas corpus. Since relator has established his constitutional right to a speedy trial has been violated, I would grant habeas corpus relief and order the instant prosecution dismissed. Because the majority opinion fails to do so, I dissent.

**2.** I am aware in *Ex parte Delbert*, 582 S.W.2d 145, 146 (Tex.Cr.App.1979), this Court held a defendant may not use pretrial habeas corpus to assert a constitutional right to a speedy trial, or due process, because an adequate remedy at law

is accorded by appeal. However, *Delbert* was overruled *sub silentio* when this Court held pretrial habeas is an appropriate mechanism to assert constitutional violations in regard to both double jeopardy and bail.