In re Jackie Keeter















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-360-CR

IN RE JACKIE R. KEETER

 

 Original Proceeding
                                                                                                                

O P I N I O N
                                                                                                                

      Jackie R. Keeter seeks a writ of mandamus from this Court directing the Honorable James E.
Morgan, Judge of the 220th District Court of Hamilton County, to rule on Keeter’s motion to
dismiss an indictment on speedy trial grounds. The Court of Criminal Appeals has held that
mandamus is inappropriate in such cases because the relator has an adequate remedy by appeal. 
Smith v. Gohmert, 962 S.W.2d 590, 592-93 (Tex. Crim. App. 1998). Accordingly, we deny
Keeter’s mandamus petition.
                                                             PER CURIAM
Before Chief Justice Davis
      Justice Vance and
      Justice Gray
Petition denied
Opinion delivered and filed December 29, 1999
Do not publish



;                                                                                               

      Appellant Huddleston appeals his conviction for possession of methamphetamine (4 grams or
more but less than 200 grams) for which he was sentenced to 10 years in the Texas Department
of Criminal Justice - Institutional Division, probated for 10 years and a $1000. fine.
      Prior to trial, Appellant filed a motion to suppress evidence (the methamphetamine) which was
heard and denied by the trial court.
      Thereafter, Appellant pled nolo contendere, signed a judicial confession that he possessed the
methamphetamine exactly as charged in the indictment, and preserved his right to appeal the denial
of his motion to suppress.
      Appellant appeals on one point of error:
      “The trial court erred in overruling Appellant’s motion to suppress evidence because an
investigative stop must be based on articulable facts supporting suspicions of criminal activity.”
      Determination of reasonable suspicion and probable cause are reviewed de novo on appeal,
looking at the totality of the circumstances, while giving deference to the fact findings of the trial
court. Guzman v. State, 955 S.W.2d 85, 88 (Tex. Crim. App. 1997); Loserth v. State, 963
S.W.2d 770, 772 (Tex. Crim. App. 1998). Appellate courts should afford almost total deference
to a trial court’s determination of the historical facts that the record supports, especially when the
trial court’s findings are based on evaluation of credibility and demeanor. Id. When the trial
court does not make express findings of fact, the facts are viewed in the light most favorable to
the trial court’s ruling. Loserth, p. 774.
      Officer Stephen Davis first came in contact with Appellant during an unrelated traffic stop of
a motorist who had methamphetamine on his person. The motorist claimed that Appellant had
given him the methamphetamine. About ten days later, Officer Davis drove onto the parking lot
of the Total Truck Stop in Seagoville and saw a person sitting slouched down in a Porsche, under
an overhead light. Officer Davis drove around the parking lot and when he came back, he
recognized the person in the Porsche as Appellant. He remembered the motorist from the traffic
stop stating that he had received his drugs from Appellant. Appellant then pulled out of the lot
onto the service road and Officer Davis followed him. While Officer Davis followed, Appellant
made two turns without signaling. After Appellant’s second failure to signal, Officer Davis pulled
him over. When Officer Davis exited his vehicle to approach Appellant, he again noticed
Appellant slouching over in his vehicle. Officer Davis had concerns for his safety, so he called
for backup. Officer Honeycutt arrived at the scene. Officer Davis ran Appellant’s license and
discovered a past criminal history. At that point, Officer Davis requested Appellant to step out
of his car. The Officer then asked Appellant if he would consent to the search of his car. 
Appellant said, “Yes.” Officer Honeycutt searched the vehicle and found a bottle with masking
tape around it, under a washcloth on the passenger seat. Officer Honeycutt asked Appellant if he
could open the bottle and Appellant said, “Yes.” Inside the bottle was a powdery substance, later
identified as methamphetamine. Appellant was then Mirandized and arrested.
      Appellant contends the police did not have specific articulable facts to warrant an investigative
stop of Appellant. Officer Davis, however, stopped Appellant based on his violation of the traffic
laws, and the drugs were discovered during a consensual search.
      A driver’s failure to properly signal before making a turn provides an objective basis for an
officer to stop a vehicle. Tex. Transp. Code § 545.104. Officer Davis’ stop of Appellant was
legal. The fact that Officer Davis may have thought Appellant was involved in criminal activity
when he stopped Appellant for the traffic violations does not render the stop improper. This was
not an investigative stop, but a stop based on traffic violations. Garcia v. State, 827 S.W.2d 937,
944 (Tex. Crim. App. 1992). Appellant consented to the search of his vehicle. The evidence
shows this consent was voluntary. Appellant did not present any evidence to rebut the
voluntariness of his consent.
      The entirety of the evidence supports the trial court’s denial of Appellant’s motion to
suppress.
      Appellant’s point of error and all contentions made thereunder are overruled.
      The judgment is affirmed.


                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Gray, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed March 21, 2001
Do not publish