NO. 07-02-0102-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 5, 2002

_____

IN RE JIMMY MURRELL OWEN, RELATOR

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

By this original proceeding, relator Jimmy Murrell Owen, proceeding *pro se* and *in forma pauperis*, seeks a writ of mandamus to compel the Honorable David Gleason, judge of the 47th District Court of Randall County, to process his application for post-indictment writ of habeas corpus as required by section 2 of article 11.07 and article 11.10 of the Texas Code of Criminal Procedure Annotated (Vernon Supp. 2002). For the reasons expressed herein, the petition for writ of mandamus must be denied.

Relator, an inmate, alleges that on August 6, 2001, he was notified by interagency mail that Randall County had placed a detainer in his file notifying him that he had been indicted on July 25, 2001, for conspiracy to commit burglary allegedly committed on or about February 6, 1998. After being served with a copy of the indictment, relator filed a

*pro se* application for writ of habeas corpus on November 1, 2001, seeking to have the indictment dismissed and the detainer withdrawn from his file for violation of his right to a speedy trial guaranteed by the Sixth Amendment.

By his petition for writ of mandamus, relator argues that pursuant to the factors announced in Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972), the indictment must be dismissed for failure to afford him a speedy trial. Mandamus is an extraordinary remedy available only in limited circumstances involving manifest and urgent necessity and not for grievances that may be addressed by other remedies. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). The fact that persons seeking mandamus relief establish the lack of an adequate appellate remedy is a "fundamental tenet" of mandamus practice. Holloway v. Fifth Court of Appeals, 767 S.W.2d 680, 684 (Tex. 1989).

A defendant seeking to compel a dismissal of an indictment on speedy trial grounds is not eligible for mandamus relief because he has an adequate remedy at law, to wit: the defendant may file a motion to set aside the indictment in the trial court pursuant to article 27.03 of the Texas Code of Criminal Procedure and if the motion is erroneously denied, the defendant can appeal from any resulting conviction. Pope v. Ferguson, 445 S.W.2d 950, 955-56 (Tex. 1969). More recently, in Smith v. Gohmert, 962 S.W.2d 590, 593 (Tex.Cr.App. 1998), the Court reiterated that a defendant seeking to compel a dismissal of an indictment on speedy trial grounds has an adequate remedy at law and thus, is not

entitled to mandamus relief. The Court further stated that habeas corpus is also an extraordinary remedy and that neither a trial court nor the Court of Criminal Appeals should entertain an application for writ of habeas corpus where there is an adequate remedy at law. *Id.*

Moreover, relator's petition for writ of mandamus does not comply with the requirements of Rule 52.3 of the Texas Rules of Appellate Procedure. Accordingly, relator's petition for writ of mandamus is denied.

Don H. Reavis
Justice

Do not publish.