In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-182 CV


____________________



IN RE NORRIS A. HOUSE






Original Proceeding






MEMORANDUM OPINION (1)



 On April 21, 2003, Norris A. House filed a petition for writ of mandamus. The
relator seeks an order to compel Albert J. Charanza, Jr., who is an Assistant District
Attorney for Angelina County, and the Honorable David V. Wilson, Judge of the 217th
District Court of Angelina County, Texas, to reconsider a post-conviction writ of habeas
corpus that was dismissed by order of the Court of Criminal Appeals on February 12,
2003.

 Charanza is not one of the persons against whom we may issue a writ of mandamus
other than to protect our jurisdiction, and the relator has not shown that the writ is
necessary to enforce our jurisdiction. See Tex. Gov't Code Ann. § 22.221 (Vernon
Supp. 2003). Therefore, House is not entitled to mandamus relief against Charanza or the
Angelina County District Attorney. 

 As for House's complaint against Judge Wilson, we may grant mandamus relief if
relator demonstrates that the act sought to be compelled is purely ministerial under the
relevant facts and law, and that relator has no other adequate legal remedy. State ex. rel. Hill
v. Court of Appeals for the Fifth District, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001). An
act is "ministerial" if it does not involve the exercise of any discretion or the relator's
entitlement to the relief sought is clear and indisputable such that its merits are beyond
dispute. Id. at 927-28. The act of considering a motion, such as an application for a writ of
habeas corpus, is ministerial. In re Bates, 65 S.W.3d 133, 134-35 (Tex. App.--Amarillo
2001, orig. proceeding). The ruling on the writ of habeas corpus, on the other hand, is not
subject to review by mandamus. See Smith v. Gohmert, 962 S.W.2d 590, 593 (Tex. Crim.
App. 1998). 

 In this case, the relator has not shown that the trial court refused to consider a duly
filed and presented application. Not only did House obtain a ruling on his application for
writ of habeas corpus, that ruling was issued by our state's court of last resort for criminal
cases. As we lack authority to command the Court of Criminal Appeals to reinstate the
relator's application for writ of habeas corpus, the petition for writ of mandamus is denied.

 WRIT DENIED.

 PER CURIAM


Opinion Delivered April 24, 2003

Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.