# NO. 12-08-00394-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *BYRON K. ARNOLD,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Byron K. Arnold is an inmate who alleges he has been served with two felony detainers, one for aggravated perjury and the other for tampering with government records. He further alleges that he filed a "Motion For Appointment of Counsel and Motion For Discharge of Delay" in which he sought dismissal of those charges on speedy trial grounds. The trial court denied the motion. In this original proceeding, Arnold challenges the trial court's order denying the motion and seeks a writ of mandamus requiring the trial court to vacate its order and conduct a hearing on the motion.

In a criminal case, mandamus relief is authorized only if the relator establishes that (1) he has no other adequate legal remedy and (2) under the facts and the law, the act sought to be compelled is purely ministerial. *State ex rel. Hill v. Fifth Court of Appeals*, 34 S.W.3d 924, 927 (Tex. Crim. App.2001). However, mandamus relief is not available to a defendant seeking dismissal of a charge on speedy trial grounds. *Smith v. Gohmert*, 962 S.W.2d 590, 593 (Tex. Crim. App. 1998). Moreover, a relator has the burden to provide a record establishing his right to mandamus relief. *See* TEX. R. APP. P. 52.3(j)(1)(A) (appendix to mandamus petition must contain a copy of any order complained of, or any other document showing the matter complained of); TEX. R. APP. P. 52.7(a)(1) (relator must file with the mandamus petition a copy of every document that is material to his claim for relief); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.1992). Arnold's mandamus petition is not

accompanied by a record, and therefore he has not established his right to mandamus relief relating to his request for appointed counsel.

Because Arnold has not established that he is entitled to mandamus relief, his petition for writ of mandamus is ***denied***.  *See* TEX. R. APP. P. 52.8(a).

    BRIAN HOYLE
Justice

Opinion delivered October 8, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2