NO. 12-08-00394-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


IN RE:
§
 


BYRON K. ARNOLD,
§
 ORIGINAL PROCEEDING


RELATOR
§
 

 

MEMORANDUM OPINION


 Byron K. Arnold is an inmate who alleges he has been served with two felony detainers, one
for aggravated perjury and the other for tampering with government records. He further alleges that
he filed a "Motion For Appointment of Counsel and Motion For Discharge of Delay" in which he
sought dismissal of those charges on speedy trial grounds. The trial court denied the motion. In this
original proceeding, Arnold challenges the trial court's order denying the motion and seeks a writ
of mandamus requiring the trial court to vacate its order and conduct a hearing on the motion.

 In a criminal case, mandamus relief is authorized only if the relator establishes that (1) he has
no other adequate legal remedy and (2) under the facts and the law, the act sought to be compelled
is purely ministerial. State ex rel. Hill v. Fifth Court of Appeals, 34 S.W.3d 924, 927 (Tex. Crim.
App.2001). However, mandamus relief is not available to a defendant seeking dismissal of a charge
on speedy trial grounds. Smith v. Gohmert, 962 S.W.2d 590, 593 (Tex. Crim. App. 1998). 
Moreover, a relator has the burden to provide a record establishing his right to mandamus relief. See
Tex. R. App. P. 52.3(j)(1)(A) (appendix to mandamus petition must contain a copy of any order
complained of, or any other document showing the matter complained of); Tex. R. App. P. 52.7(a)(1)
(relator must file with the mandamus petition a copy of every document that is material to his claim
for relief); Walker v. Packer, 827 S.W.2d 833, 837 (Tex.1992). Arnold's mandamus petition is not
accompanied by a record, and therefore he has not established his right to mandamus relief relating
to his request for appointed counsel. 

 Because Arnold has not established that he is entitled to mandamus relief, his petition for writ
of mandamus is denied. See Tex. R. App. P. 52.8(a).



 BRIAN HOYLE 

 Justice



Opinion delivered October 8, 2008.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.























 

(DO NOT PUBLISH)