Opinion filed July 19, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-12-00178-CR

                                                    __________

 

                                          IN
RE JACOB GARCIA



 

                                         Original
Mandamus Proceeding



 

                                            M
E M O R A N D U M    O P I N I O N

Appearing pro se, relator Jacob Garcia has filed a petition for writ of mandamus.  In
his petition, relator asserts that the district judge of the 42nd District
Court of Taylor County has failed to rule on his motion to dismiss an indictment
on speedy trial grounds.  He requests an order from this court directing the
district judge to rule on his motion.  We deny the petition.

            We
first note that relator has not filed a proper record or appendix with his
petition.  In an original mandamus proceeding, the petition must be accompanied
by a certified or sworn copy of every document that is material to a relator’s
claim for relief and that was filed in any underlying proceeding.  See Tex. R. App. P. 52.7(a)(1).  Relator
has not filed any documents supporting his mandamus petition.  Thus, relator’s
petition states facts not supported by evidence included in an appendix or
record.  A relator’s burden on mandamus includes meeting the requirement that
“[e]very statement of fact in the petition [is] supported by citation to
competent evidence included in the appendix or record.”  Tex. R. App. P. 52.3(g).  In short, a
relator must supply a record sufficient to establish the right to mandamus
relief.  See Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992).

            Additionally,
to obtain mandamus relief in a criminal matter, the relator must show that he
has no other adequate remedy at law to address the alleged error and that the
act the relator seeks to compel is ministerial.  State ex rel. Hill v. Court
of Appeals for the Fifth Dist., 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (citing
Dickens v. Court of Appeals for Second Supreme Judicial Dist., 727 S.W.2d
542, 550 (Tex. Crim. App. 1987)).  A defendant seeking to compel a dismissal of
an indictment on speedy trial grounds has an adequate remedy at law by appeal.  Smith
v. Gohmert, 962 S.W.2d 590, 592–93 (Tex. Crim. App. 1998).  Moreover, we
note that the trial court has now ruled on relator’s motion to dismiss the
indictment.  Accordingly, relator is not entitled to the relief sought.  See
Tex. R. App. P. 52.8.

The
petition for writ of mandamus is denied.

 

                                                                                                PER
CURIAM

 

July 19, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.