**Opinion filed July 19, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00178-CR
_____

## IN RE JACOB GARCIA

### Original Mandamus Proceeding

## M E M O R A N D U M   O P I N I O N

Appearing pro se, relator Jacob Garcia has filed a petition for writ of mandamus. In his petition, relator asserts that the district judge of the 42nd District Court of Taylor County has failed to rule on his motion to dismiss an indictment on speedy trial grounds. He requests an order from this court directing the district judge to rule on his motion. We deny the petition.

We first note that relator has not filed a proper record or appendix with his petition. In an original mandamus proceeding, the petition must be accompanied by a certified or sworn copy of every document that is material to a relator's claim for relief and that was filed in any underlying proceeding. *See* TEX. R. APP. P. 52.7(a)(1). Relator has not filed any documents supporting his mandamus petition. Thus, relator's petition states facts not supported by evidence included in an appendix or record. A relator's burden on mandamus includes meeting the requirement that "[e]very statement of fact in the petition [is] supported by citation to competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(g). In short, a relator must supply a record sufficient to establish the right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992).

Additionally, to obtain mandamus relief in a criminal matter, the relator must show that he has no other adequate remedy at law to address the alleged error and that the act the relator seeks to compel is ministerial. *State ex rel. Hill v. Court of Appeals for the Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (citing *Dickens v. Court of Appeals for Second Supreme Judicial Dist.*, 727 S.W.2d 542, 550 (Tex. Crim. App. 1987)). A defendant seeking to compel a dismissal of an indictment on speedy trial grounds has an adequate remedy at law by appeal. *Smith v. Gohmert*, 962 S.W.2d 590, 592–93 (Tex. Crim. App. 1998). Moreover, we note that the trial court has now ruled on relator's motion to dismiss the indictment. Accordingly, relator is not entitled to the relief sought. *See* TEX. R. APP. P. 52.8.

The petition for writ of mandamus is denied.

PER CURIAM

July 19, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

2