**Petition for Writ of Mandamus Dismissed in Part and Denied in Part and Memorandum Opinion filed February 10, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00099-CR

### IN RE CRAIG PORTER, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**263rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1374093**

## MEMORANDUM OPINION

On February 2, 2015, relator Craig Porter filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator complains of a purported speedy trial violation and asks this court to set a trial date in the underlying litigation, or, alternatively, to dismiss the underlying litigation.

In addition to identifying the Honorable Jim Wallace, presiding judge of the 263rd District Court of Harris County, as one of the respondents in this original proceeding, relator also identifies as respondents the Harris County District Clerk and an assistant district attorney. By statute, we have authority to issue a writ of mandamus against a judge of a district or county court in our court of appeals district, and as necessary to enforce our appellate jurisdiction. *See* Tex. Gov't Code Ann. § 22.221(a), (b) (West 2004). Neither the Harris County District Clerk nor the assistant district attorney named as respondents is a judge of a district or county court. And, relator has not made any attempt to demonstrate why issuance of the writ against either of these respondents is necessary to enforce our jurisdiction. Therefore, we have no jurisdiction to grant mandamus relief against the Harris County District Clerk or the assistant district attorney named as respondents. *See, e.g.*, *In re Brannon*, Nos. 14-13-00297-CV, 14-13-00298-CV, 2013 WL 1632141, *2 (Tex. App.—Houston [14th Dist.] Apr. 16, 2013, orig. proceeding) (mem. op., per curiam); *In re Z.Q.*, No. 14-12-01109-CV, 2013 WL 55991, *1 (Tex. App.—Houston [14th Dist.] Jan. 3, 2013, orig. proceeding) (mem. op., per curiam).

With respect to relator's request for mandamus relief against Judge Wallace, relator has not satisfied his burden to demonstrate his entitlement to mandamus relief for multiple reasons. First, relator recently sought mandamus relief from this court in connection with the same purported speedy trial issue. This court denied relator's *pro se* mandamus petition, noting that relator is represented by counsel in the underlying litigation and that a criminal defendant is not entitled to hybrid representation. *See In re Porter*, No. 14-15-00014-CR, 2015 WL 224778, *1 (Tex. App.—Houston [14th Dist.] Jan. 15, 2015, orig. proceeding) (mem. op., per

curiam, not designated for publication). Relator now returns to this court, again filing a *pro se* petition and acknowledging that he is represented by counsel in the underlying litigation. As we previously stated, in the absence of a right to hybrid representation, relator has presented nothing for this court's consideration. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995).

Second, relator has not provided this court any documentation in support of his mandamus petition. To be entitled to mandamus relief, a relator is required to file "a certified or sworn copy of any . . . document showing the matter complained of," Tex. R. App. P. 52.3(k)(1)(A), and "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding," Tex. R. App. P. 52.7(a)(1). Relator refers in his petition to a motion for speedy trial and a subsequent motion to dismiss that he claims he filed with the trial court, but relator did not provide this court either of these documents. Relator also did not provide any documents to substantiate the assertions in his petition, including his assertion that he has been denied a speedy trial.

And third, relator has an adequate remedy at law with respect to a purported speedy trial violation, thus obviating the need for mandamus relief. *See Smith v. Gohmert*, 962 S.W.2d 590, 593 (Tex. Crim. App. 1998) (orig. proceeding).

Accordingly, we dismiss relator's petition for writ of mandamus as it pertains to the Harris County District Clerk and the assistant district attorney named as respondents. We further deny relator's petition for writ of mandamus as it pertains to Judge Wallace.

PER CURIAM

Panel consists of Justices Christopher, Donovan, and Wise.

Do Not Publish — Tex. R. App. P. 47.2(b).