

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-83,345-01 & WR-83,345-02

### IN RE DAVID CARRILLO, Relator

## ON PETITIONS FOR WRITS OF MANDAMUS AND PROHIBITION
## TO THE LUBBOCK COUNTY DISTRICT ATTORNEY
## REGARDING PRE-INDICTMENT DISCOVERY

**ALCALA, J., filed a concurring statement.**

### CONCURRING STATEMENT

I concur in the Court's decision to deny leave to file petitions for writs of mandamus and prohibition sought by David Carrillo, relator, who is formally charged with a complaint for a criminal offense but has not yet been indicted. In his present petitions, relator seeks to compel the Lubbock County District Attorney, respondent, to comply with the discovery requirements of Texas Code of Criminal Procedure Article 39.14.[1] He further seeks to prohibit the district attorney's office from presenting his case to the grand jury before this

---

[1]*See* TEX. CODE CRIM. PROC. art. 39.14.

Court can resolve his pending petitions, and he seeks to prohibit the district attorney's office from continuing to enforce its policy of conditioning discovery upon the issuance of an indictment. Because relator has failed to show that he has no other adequate remedy at law, I agree with the Court's determination that such relief is not warranted.

In April 2015, relator was charged by complaint with two counts of murder. Several days later, relator submitted to the State a request for discovery pursuant to Article 39.14. According to relator, respondent has not yet provided the requested discovery. In May 2015, an assistant district attorney informed relator that the district attorney's office would not turn over discoverable evidence until after grand-jury proceedings. Relator now asserts that the State's failure to turn over discoverable materials under Article 39.14 constitutes a violation of a ministerial duty. He asks, "Do the discovery requirements of Article 39.14(a) of the Texas Code of Criminal Procedure begin only after the grand jury has indicted the accused, and is mandamus relief appropriate to compel a district attorney to comply with Article 39.14 before it has presented its case to the grand jury[?]"

In order to be entitled to mandamus relief, a relator must show two things: (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 121-22 (Tex. Crim. App. 2013). The ministerial-act requirement is satisfied if the relator can show a clear right to the relief sought. *In re Bonilla*, 424 S.W.3d 528, 533 (Tex. Crim. App. 2014). "A clear right to relief is shown when the facts and circumstances dictate but one rational decision under unequivocal, well-settled (i.e.,

from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Weeks*, 391 S.W.3d at 122; *see also Texas Dept. Of Corrections v. Dalehite*, 623 S.W.2d 420, 424 (Tex. Crim. App. 1981) (act is ministerial "where the law clearly spells out the duty to be performed . . . with such certainty that nothing is left to the exercise of discretion or judgment"). With respect to the availability of an adequate legal remedy, this Court has held that even if a relator has a remedy at law, he can show that no adequate remedy exists if the remedy is so "uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate." *Weeks*, 391 S.W.3d at 122. Similarly, prohibition relief is available only if the relator shows that he has a clear right to the relief sought and no other adequate legal remedy is available. *See In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (citing *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 907 (Tex. Crim. App. 2011)).

With respect to the ministerial duty that relator asserts is at issue in the present matter, Code of Criminal Procedure Article 39.14 provides in relevant part,

> [A]s soon as practicable after receiving a timely request from the defendant the state shall produce and permit the inspection and the electronic duplication, copying, and photographing, by or on behalf of the defendant, of any offense reports, any designated documents, papers, written or recorded statements of the defendant or a witness, including witness statements of law enforcement officers but not including the work product of counsel for the state in the case and their investigators and their notes or report, or any designated books, accounts, letters, photographs, or objects or other tangible things not otherwise privileged that constitute or contain evidence material to any matter involved in the action and that are in the possession, custody, or control of the state or any person under contract with the state. . . .

TEX. CODE CRIM. PROC. art. 39.14(a). Relator asserts that the "as soon as practicable" language in Article 39.14 imposes a non-discretionary, ministerial duty on the State to provide discovery within a reasonable time frame following a proper request. Responding to the district attorney's position that the State's discovery obligations are triggered only by a formal indictment, relator asserts that the district attorney has "unilaterally interposed [his] own temporal limitations into the statute."

Even assuming that relator has shown a clear right to relief under Article 39.14, he has failed to demonstrate that he lacks an adequate legal remedy and, therefore, he is not entitled to a writ of mandamus or prohibition. With respect to the requirement of a clear right to relief, I observe that, as an individual who has been charged by a formal criminal complaint by the district attorney's office, relator plainly falls within the provisions of Article 39.14 that require that discovery be provided "as soon as practicable" following a request from a "defendant" as to "any matter involved in the action." *Id*. Furthermore, the Legislature's broad use of the phrase "any matter involved in the action" cannot reasonably be interpreted as applying only to those actions for which a formal indictment has been filed because that phrase plainly contains no such limitation. I, therefore, agree with relator's assertion that, by delaying a defendant's access to discovery until after grand-jury proceedings and indictment, the district attorney has effectively read an additional provision into the statute that changes the "as soon as practicable" language into "as soon as practicable after return of indictment by the grand jury." The statute does not impose any such condition on the

State's discovery obligations. *See id.* Nonetheless, even accepting that relator is entitled to discovery under the statute, relator does not explain how the "as soon as practicable" language in Article 39.14 could be interpreted as imposing a ministerial duty on the State, when that language appears to afford the State some discretion in determining a practicable time frame for turning over discovery. *See Dalehite*, 623 S.W.2d at 424 (act is ministerial if "nothing is left to the exercise of discretion or judgment"). Given this language that appears to afford the State some leeway in determining a feasible time frame for responding to a discovery request, it is unclear how the State's duty to provide discovery at any particular time could be described as "unequivocal" or "dictate[d by] but one rational decision." *See Weeks*, 391 S.W.3d at 121-22.

Even assuming that relator has demonstrated a clear right to relief, I conclude that he has failed to demonstrate that he lacks any adequate legal remedy, and, therefore, he is not entitled to a writ of mandamus or prohibition. *See id.* Relator may seek to challenge the State's failure to comply with Article 39.14 in the trial court by filing a motion to exclude evidence at the appropriate time. Furthermore, if relator is convicted of the charges of which he is accused, he may challenge the State's failure to comply with discovery requirements during the course of his direct appeal. Although the potential for review at a later stage is "not always or automatically an adequate remedy,"[2] absent a particularized showing of unique circumstances that might suggest that an appeal from a conviction would be

---

[2]*Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.*, 159 S.W.3d 645, 648 (Tex. Crim. App. 2005).

inadequate, a relator fails to establish that he is entitled to extraordinary relief. *See Smith v. Gohmert*, 962 S.W.2d 590, 593 (Tex. Crim. App. 1998) (describing mandamus as a "drastic" remedy, and holding, in context of speedy-trial claim, that direct appeal was adequate remedy and mandamus relief would not lie). Here, relator has made nothing more than a bare assertion that he has no adequate remedy at law. He has, therefore, failed to show why a challenge in the trial court or on direct appeal from a conviction would be an inadequate remedy.

Even assuming that he has demonstrated a clear right to relief, relator has failed to show that he lacks an adequate remedy at law. *See Weeks*, 391 S.W.3d at 121-22. I, therefore, join this Court's judgment denying relator leave to file petitions for writs of mandamus and prohibition.

Filed: June 24, 2015

Do Not Publish