# NO. 12-15-00180-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *DONALD ADKINS,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## MEMORANDUM OPINION
## PER CURIAM

Appearing pro se, Relator Donald Adkins has filed a petition for writ of mandamus. He asserts that he has repeatedly but unsuccessfully attempted to invoke his constitutional right to a speedy trial. He contends that the district attorney of Sabine County and the judge of the 273rd Judicial District Court of Sabine County have deprived him of this right. He concludes that a writ of mandamus directing the dismissal of the pending charges against him is his only available remedy. We dismiss the petition in part and deny it in part.

This Court's mandamus authority is limited to (1) a judge of a district or county court in the court of appeals district; (2) a judge of a district court who is acting as a magistrate at a court of inquiry under Texas Code of Criminal Procedure Chapter 52 in the court of appeals district; or (3) a situation in which a writ of mandamus is necessary to protect this Court's jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a), (b) (West 2004). The district attorney is not a judge, and Relator has not alleged that a writ of mandamus against the district attorney is necessary to protection this Court's jurisdiction.

Moreover, to obtain mandamus relief in a criminal matter, the relator must show that he has no adequate remedy at law to redress his alleged harm and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Here, Relator seeks an order directing the respondents "to comply with the

mandates set forth by the constitution in the Promise of Due Process and a fast and speedy trial and dismiss with prejudice all counts held against the Relator being called a complaint, warrant, indictment et-cet[era]" as listed in Section III of his mandamus petition. A defendant seeking to compel a dismissal of an indictment on speedy trial grounds has an adequate remedy at law. *Smith v. Gohmert*, 962 S.W.2d 590, 592-93 (Tex. Crim. App. 1998) (orig. proceeding). Therefore, mandamus is not available to compel the dismissal.

## CONCLUSION

Relator's allegations against the Sabine County district attorney do not fall within this Court's mandamus jurisdiction. Consequently, we have no authority to consider the merits of Relator's mandamus petition insofar as it pertains to the district attorney. Relator has failed to establish that he has no adequate remedy at law to obtain the dismissal he requests. Therefore, he has not shown he is entitled to mandamus relief against the respondent trial judge. Accordingly, we *dismiss* Relator's petition for writ of mandamus as to the Sabine County district attorney and *deny* the petition as to the judge of the 273rd Judicial District Court of Sabine County. All pending motions are *overruled* as moot.

Opinion delivered November 9, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### NOVEMBER 9, 2016

### NO. 12-15-00180-CR

**DONALD ADKINS,**
Relator
V.
**HON. CHARLES R. MITCHELL AND J. KEVIN DUTTON,**
Respondents

---

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **DONALD ADKINS**. Said petition for writ of mandamus having been filed herein on July 13, 2015, and the same having been duly considered, because it is the opinion of this Court that a writ of mandamus should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus as to the Sabine County district attorney, **J. KEVIN DUTTON**, be, and the same is, hereby **DISMISSED;** that the said petition for writ of mandamus as to the judge of the 273rd Judicial District Court of Sabine County, **CHARLES R. MITCHELL**, be, and the same is hereby **DENIED**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*