**DENIED and Opinion Filed June 10, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-21-00372-CV**
**No. 05-21-00412-CV**
**No. 05-21-00413-CV**
**No 05-21-00414-CV**

## IN RE DRALON DURAN PATTERSON, Relator

**Original Proceeding from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause Nos. F19-75183-PL,**
**F19-75218-PL, F19-25779-QL & F19-40572-PL**

## MEMORANDUM OPINION
Before Justices Myers, Partida-Kipness, and Carlyle
Opinion by Justice Partida-Kipness

In this original proceeding, Dralon Duran Patterson has filed a petition for writ of mandamus requesting that the trial court be compelled to grant him a speedy trial and discharge him from his pending charges.

Relator's petition does not comply with the rules of appellate procedure in that it lacks (1) a certification stating that relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record;" (2) an appendix containing certified or sworn copies of the documents relevant to his claims including copies of material

documents that were filed in the underlying proceeding; and (3) either a properly authenticated transcript of any relevant testimony or a statement that no testimony has been given on the matter. *See* TEX. R. APP. P. 52.3(j), 52.3(k)(1)(A), 52.7(a). The Court cannot grant mandamus relief on a petition with these deficiencies. *See In re Butler*, 270 S.W.3d 757, 758–59 (Tex. App.—Dallas 2008, orig. proceeding); *see also In re Hughes*, 607 S.W.3d 136, 137 (Tex. App.—Houston [14th Dist.] orig. proceeding) (dismissing case for deficiencies in mandamus petition).

Moreover, even if relator filed a petition that complies with the rules of appellate procedure, he would not be entitled to mandamus relief. The Court may grant mandamus relief if the relator shows he has no adequate legal remedy to address the alleged harm, and the relator seeks to compel the trial court to perform a ministerial act that does not involve a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals of Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Because relator may raise a failure to grant a speedy trial as an issue on appeal, he has an adequate legal remedy and is not entitled to mandamus relief. *See In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding) (mem. op.) (citing *Smith v. Gohmert*, 962 S.W.2d 590, 593 (Tex. Crim. App. 1998)); *see also In re Kirkwood*, No. 09-08-00439-CV, 2008 WL 4661238, at *1 (Tex. App.—Beaumont Oct. 22, 2008, orig. proceeding) (mem. op. per curiam) (denying mandamus petition seeking in part to compel trial court to set case for trial).

Because relator has not shown he is entitled to relief, we deny the petition for writ of mandamus.  *See* TEX. R. APP. P. 52.8(a).

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

210372F.P05