In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-22-00401-CR**
**IN RE ERIC JORELL MATHIS**

**Original Proceeding**
**258th District Court of Polk County, Texas**
**Trial Cause Nos. CR21-0380 and CR22-0158**

## MEMORANDUM OPINION

In a petition for a writ of mandamus, Eric Jorell Mathis seeks to compel the trial court to dismiss two indictments with prejudice. We deny mandamus relief.

Mathis says that on July 26, 2022, he mailed a *pro se* application for a writ of habeas corpus seeking bail reduction and a *pro se* motion to dismiss he sent to the district clerk. Mathis complains that the trial court judge refused to read the motions when Mathis brought the motions to the attention of the trial court in a hearing on October 6, 2022. The scheduling orders Mathis attached to the mandamus record indicate that Mathis was represented by counsel on that date and that the trial court set the cases for trial beginning December 5, 2022. Criminal defendants are generally

1

not entitled to hybrid representation and a "trial court is free to disregard any *pro se* motions presented by a defendant who is represented by counsel." *Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007).

We also note that in his petition for mandamus Mathis seeks a dismissal of the prosecutions for lack of a speedy trial. "[A] defendant seeking to compel a dismissal of an indictment on speedy trial grounds has an adequate remedy at law" through an appeal in the event of a conviction. *Smith v. Gohmert*, 962 S.W.2d 590, 593 (Tex. Crim. App. 1998) (orig. proceeding).

We deny the petition for a writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on December 20, 2022
Opinion Delivered December 21, 2022
Do Not Publish

Before Golemon, C.J., Kreger and Johnson, JJ.