In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00188-CR
_____

IN RE ROBERT DEVON HENSON

Original Proceeding
Criminal District Court of Jefferson County, Texas
Trial Cause Nos. 22-39601 and 22-39602

MEMORANDUM OPINION

In a *pro se* petition for a writ of mandamus, a petition that Robert Devon Henson filed as an original proceeding with this Court, Henson seeks to compel the trial court to grant the motions he filed to dismiss the indictments currently pending against him in Trial Court Cause Numbers 22-39601 and 22-39602.[1] According to Henson, his prosecution

[1] Relator signed the petition as "Robert D. Hinson." According to the indictments, "ROBERT DEVON HENSON AKA ROBERT HENSON AKA ROBERT HINSON" is the relator's alleged name. For consistency, we use Relator's name as it appears in his indictments.

1

for the offenses alleged in both of the indictments are barred by the statute of limitations applicable to felonies.[2]

A relator seeking mandamus relief in a criminal case must establish two things: (1) that he has no other remedy at law, and (2) that the act he seeks to compel is ministerial.[3] Henson has not shown the trial court has a ministerial duty to address his *pro se* motions.[4] Moreover, were Henson to be convicted of an offense that is barred by limitations, an appeal would provide Henson with an adequate remedy to the issue he raises in his petition.[5]

For these reasons, we conclude that Henson has not shown he is entitled to relief on the argument and the evidence he presented to support his petition.

PETITION DENIED.

PER CURIAM

Submitted on July 11, 2023
Opinion Delivered July 12, 2023
Do Not Publish
Before Horton, Johnson and Wright, JJ.

---

[2]*See* Tex. Code Crim. Proc. Ann. art. 12.01.
[3]*Smith v. Gohmert*, 962 S.W.2d 590, 592 (Tex. Crim. App. 1998) (orig. proceeding).
[4]*See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007) ("a trial court is free to disregard any *pro se* motions presented by a defendant who is represented by counsel").
[5]*Smith*, 962 S.W.2d at 592.