In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-24-00426-CR
_____

IN RE ROBERT D. HINSON

**Original Proceeding**
**Criminal District Court of Jefferson County, Texas**
**Trial Cause Nos. 22-39601 and 22-39602**

**MEMORANDUM OPINION**

In a pro se petition for a writ of mandamus, Relator Robert D. Hinson complains that the trial court has not granted the application for a writ of habeas corpus that Relator filed on October 16, 2024.[1] Relator contends he "has been put through cruel and unusual punishment" by virtue of his pre-trial detention for thirty-

---

[1] In a previous mandamus proceeding, we noted that the indictments filed in Trial Cause Numbers 22-39601 and 22-39602 identify the defendant as Robert Devon Henson a/k/a Robert Hinson. *See In re Henson*, No. 09-23-00188-CR, 2024 WL 4485952, at *1 (Tex. App.—Beaumont July 12, 2023, orig. proceeding) (mem. op., not designated for publication). He filed a new mandamus petition without a supporting record.

three months. Relator thus appears to argue that the conditions of his confinement violate due process due to the length of his pre-trial detention. As relief, he asks this Court to order the trial court to dismiss the indictments in Trial Cause Numbers 22-39601 and 22-39602.

A relator seeking mandamus relief in a criminal case must establish that he has no other remedy at law and that the act he seeks to compel is ministerial. *Smith v. Gohmert*, 962 S.W.2d 590, 592 (Tex. Crim. App. 1998) (orig. proceeding). Generally, a defendant may seek a speedy trial through a motion filed in the trial court and obtain an adequate remedy through appeal in the event of a conviction. *Id.* at 592-93. But the trial court need not address pro se motions filed by a person who is represented by counsel in a criminal case. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007) ("[A] trial court is free to disregard any *pro se* motions presented by a defendant who is represented by counsel."). Moreover, the fact that pre-trial detention "interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" *Bell v. Wolfish*, 441 U.S. 520, 537 (1979).

Relator has not shown that he is entitled to mandamus relief. Accordingly, we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on January 7, 2025
Opinion Delivered January 8, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.