Petition for Writ of Mandamus Denied and
Memorandum Opinion filed February 17, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-11-00096-CR



In Re Thomas Florence,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS

County Court at
Law No. 3

Galveston County,
Texas

Trial
Court Cause No. 033026670101 



MEMORANDUM
 OPINION

On November 3, 2010, relator Thomas Florence filed petition
for writ of mandamus in this court.  See Tex. Gov’t Code Ann. §22.221; see
also Tex. R. App. P. 52.  In the petition, relator asks this court to
compel the Honorable Roy Quintanilla, presiding judge of the Galveston County
Court at Law No. 3, to rule on his motion for a speedy trial filed in the above
referenced cause number.  

To
be entitled to mandamus relief, a relator must show that he has no adequate
remedy at law to redress his alleged harm, and what he seeks to compel is a
ministerial act, not involving a discretionary or judicial decision.  State
ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana, 236
S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  A defendant seeking
to compel the dismissal of an indictment or complaint on speedy trial grounds
has an adequate remedy at law, and therefore, is not entitled to mandamus.  Smith
v. Gohmert, 962 S.W.2d 590, 593 (Tex. Crim. App. 1998).  

Consideration of a motion that is properly filed and
before the court is a ministerial act.  State ex rel. Curry v. Gray, 726
S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding).  A relator must
establish the trial court (1) had a legal duty to rule on the motion; (2) was
asked to rule on the motion; and (3) failed to do so.  In re Keeter, 134
S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); In re Villarreal,
96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding) (relator must
show that trial court received, was aware of, and was asked to rule on motion).
 

It is relator’s burden to provide this court with a
record sufficient to establish his right to relief.  Walker v. Packer,
827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.3(k), 52.7(a).  The record
before this court is insufficient to establish that the motion was properly
filed and that the trial court was requested to rule on it.[1]  Absent
proof that the trial court has been requested to rule on the motion, relator
has not established his entitlement to the extraordinary relief of a writ of
mandamus.

Accordingly, relator’s petition is denied.

 

                                                                        PER
CURIAM

 

Panel consists of Chief Justice Hedges and Justices Frost and
Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).









[1] 
The motion attached to relator’s petition contains cause number 03326670101 in
the style of the case.  The letter to the clerk refers to cause numbers
033026670101 and 033026520101.  The letter contains no reference to the style
of the case or any information identifying relator other than an illegible
signature.