**Petition for Writ of Mandamus Denied and Memorandum Opinion filed January 17, 2013.**



In The

# Fourteenth Court of Appeals

NO. 14-12-01162-CR
NO. 14-12-01163-CR
NO. 14-12-01164-CR

## ROBERT RANDALL LONG, Relator

ORIGINAL PROCEEDING
WRIT OF MANDAMUS
From the 177th District Court
Harris County, Texas
Trial Court Cause Nos. 1216882, 1235282, & 1273161

## MEMORANDUM OPINION

On December 28, 2012, relator, Robert Randall Long, filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Ryan Patrick, presiding judge of the 177th District Court of Harris County to rule on relator's *pro se* motions and applications for subpoenas *duces tecum*.

According to his petition, relator has been charged with three theft offenses, two of which are for "theft-aggregate" and the third offense is theft of between $100,000 and $200,000.[1] Relator complains that he has been confined in the Harris County Jail since October 1, 2009, and the trial court has not ruled on his *pro se* motions, including his speedy trial motion.[2] Relator asks this court to compel the trial court to rule on the following:

1. Defendant's Motion to Order Court Reporter to Transcribe Proceedings;

2. Defendant's Amended Motion to Dismiss Court-Appointed Back-up Attorney;

3. Defendant's Amended Motion to Appoint an Interpreter and his Second Amended Application for Subpoena Duces Tecum "for said motion";[3]

4. Defendant's Fourth Amended Motion for a Speedy Trial or Dismissal and his Fifth Amended Application for Subpoena *duces tecum* "for said motion"; and

5. Defendant's Motion to Compel the District Attorney to produce and return to him a black soft-sided computer case and the application for subpoena *duces tecum* "for said motion."

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he

---

[1] Section 31.09 of the Texas Penal Code provides that when amounts are obtained pursuant to "one scheme or continuing course of conduct" the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense. Tex. Penal Code § 31.09.

[2] The Respondent was not appointed judge of the 177th District Court until August 21, 2012. "Mandamus will not issue against a new judge for what a former one did." *In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 228 (Tex. 2008). Accordingly, we do not address the actions of the previous judge.

[3] It is unclear from this petition what relator means by requesting the issuance of subpoenas *duces tecum* in connection with these motions. Article 24.02 of the Texas Code of Criminal Procedure contains limited authority for the issuance of a subpoena *duces tecum* to direct a particular witness to produce writings, or other things in his possession, in connection with his testimony at trial. *See* Tex. Code Crim. Proc. art. 24.02.

seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). A relator must establish the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so. *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding) (relator must show that trial court received, was aware of, and was asked to rule on motion).

Relator has not provided this court with copies of the motions on which he seeks a ruling. He has not established that the motions were properly filed and that the trial court was asked to rule on them but failed to do so. He also has not provided records from the hearings to which he refers in his petition. It is relator's burden to provide this court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.3(k), 52.7(a). Relator asserts that he is indigent and unable to obtain copies, but he has not filed an affidavit of indigence or other support for this claim.

A trial judge has a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the judge. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). According to relator's petition, a hearing was set September 19, 2012, but it was reset to October 8, 2012, and reset again to October 9, 2012. At the hearing, the respondent purportedly denied relator's demand for a ruling on his speedy trial motion. Relator states that the judge then set a hearing for pre-trial motions for

February 28, 2013, and set the cases for trial on May 6, 2013. It appears therefore that the respondent has not unreasonably delayed after assuming the bench in August of 2012.

In addition, relator has an adequate remedy at law with respect to his speedy trial motion. *See Smith v. Gohmert*, 962 S.W.2d 590, 592-93 (Tex. Crim. App. 1998) (denying mandamus relief and holding that relator had an adequate remedy at law on his speedy trial claims).

Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Brown and Busby.

Do Not Publish — Tex. R. App. P. 47.2(b).