**Denied and Opinion Filed November 8, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-16-01268-CV
No. 05-16-01270-CV

**IN RE CHARLIE PUENTES, Relator**

**Original Proceeding from the County Court at Law No. 4**
**Collin County, Texas**
**Trial Court Cause Nos. 004-83427-2015 and 004-83429-2015**

## MEMORANDUM OPINION

Before Justices Francis, Fillmore, and Stoddart
Opinion by Justice Francis

Before the Court is relator's October 25, 2016 petition for writ of mandamus in which he asks the Court to order the trial court to rule on his motion for speedy trial and motion for bench warrant. Also before the Court is relator's October 25, 2016 motion for leave to file petition for writ of mandamus.

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). A defendant seeking to compel the dismissal of an indictment or complaint on speedy trial grounds has an adequate remedy at law, and therefore, is not entitled to mandamus relief. *Smith v. Gohmert*, 962 S.W.2d 590, 593 (Tex. Crim. App. 1998). Accordingly, relator is not entitled to

mandamus relief as to his request for a speedy trial because he has an adequate remedy on appeal.

Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). A relator must establish the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so. *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). It is relator's burden to provide the court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.1992); TEX. R. APP. P. 52.3(k), 52.7(a). Here, the record is insufficient to establish that the motions for which relator seeks a ruling were properly filed, that the trial court was requested to rule, and that the trial court refused to rule. Although relator attaches copies of a motion for speedy trial and a motion for bench warrant, the motion for speedy trial is not file-stamped and he includes no evidence showing that he has requested the trial court to rule on the motions. Absent proof that the trial court has been requested to rule on the motions, relator has not established his entitlement to the extraordinary relief of a writ of mandamus. *See In re Florence*, 14-11-00096-CR, 2011 WL 553241, at *1 (Tex. App.—Houston [14th Dist.] Feb. 17, 2011, no pet.).

Accordingly, we deny the petition for writ of mandamus. We also deny relator's motion for leave to file the petition for writ of mandamus as moot.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

161268F.P05

–2–