### In re Dan THOMAS.

### No. 12–03–00270–CV.

Court of Appeals of Texas,
Tyler.

Aug. 20, 2003.

Rehearing Overruled Sept. 5, 2003.

Dan Thomas, pro se.

Bascom W. Bentley, pro se.

Douglas E. Lowe, Dist. Atty's Office, Anderson County, Palestine, for real party in interest.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and DeVASTO, J.

### *OPINION*

JAMES T. WORTHEN, Chief Justice.

Relator Dan Thomas filed a petition for writ of mandamus complaining that his right to a speedy trial was violated. He seeks a writ of mandamus directing the trial court to vacate its judgment of conviction and sentence and to dismiss the indictment.

Mandamus will not issue where there is an adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). The issue of whether a defendant's right to a speedy trial was violated may be appealed after conviction. *See Zamorano v. State*, 84 S.W.3d 643, 646–47 (Tex.Crim. App.2002) (conviction reversed for viola-tion of right to speedy trial). Therefore, one who complains of a speedy trial violation has an adequate remedy at law. *Smith v. Gohmert*, 962 S.W.2d 590, 592–93 (Tex.Crim.App.1998).

The time within which Relator is required to perfect his appeal has passed. The record does not reveal whether Relator appealed his speedy trial issue. If he failed to raise the issue in a timely appeal, mandamus will not issue. *See* 38 TEX. JUR.3D *Extraordinary Writs* § 181 (1998) (mandamus not available where one fails to pursue remedies provided by law). Neither is mandamus available if the desired relief was sought and refused on an appeal previously taken. *Id.* at § 184. Accordingly, Relator's petition for writ of mandamus is denied.