**In re James HEARON.**

No. 10–07–00183–CR.

Court of Appeals of Texas,
Waco.

June 27, 2007.

James Hearon, Palestine, pro se.

Dale S. Hanna and David W. Vernon, Cleburne, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

### MEMORANDUM OPINION

PER CURIAM.

James Hearon seeks a writ of mandamus compelling an unidentified judge of a statutory county court in Johnson County to permit him to plead guilty to a misdemeanor theft charge and give him credit for time served (more than eighteen months, according to Hearon). Hearon also contends that he has recently filed a motion to dismiss on speedy-trial grounds. Hearon's mandamus petition lacks merit for several reasons, and we will deny it.[1]

We begin by observing (from Hearon's return address) that he is currently incarcerated by the Institutional Division of the Texas Department of Criminal Justice, ostensibly serving a prison sentence for some felony conviction. Hearon cites article 42.14 of the Code of Criminal Procedure for the proposition that judgment and sentence may be rendered in a misdemeanor case in the defendant's absence. TEX.CODE CRIM. PROC. ANN. art. 42.14 (Vernon 2006). However, article 33.03 plainly requires a defendant to be present in a misdemeanor case in which the potential range of punishment includes a jail sen-

---

1. We also note that Hearon's petition fails to comply with several of the procedural requirements established by the Rules of Appellate Procedure. As primary examples of these deficiencies, it does not contain a certificate of service indicating that Hearon served a copy of the petition on the trial judge or the prosecuting attorney; it does not identify the judge (or court) against whom he seeks mandamus relief; and it does not include "a certified or sworn copy of every document that is material to [his] claim." *See* TEX.R.APP. P. 9.5, 52.2, 52.3(a), (d)(2), 52.7. Nevertheless, because the petition is meritless on its face, we will disregard these procedural deficiencies and deny the petition on the merits. *Id.* 2.

tence.[2] *Id.* art. 33.03 (Vernon 2006); *Harris v. State,* 396 S.W.2d 880, 880 (Tex. Crim.App.1965).

■ With regard to Hearon's speedy trial complaint, mandamus relief is not available to a defendant seeking dismissal of a charge on speedy trial grounds. *Smith v. Gohmert,* 962 S.W.2d 590, 593 (Tex.Crim.App.1998) (orig. proceeding); *In re Thomas,* 119 S.W.3d 378, 378 (Tex.App.-Tyler 2003, orig. proceeding).

Accordingly, we deny the petition.

(Chief Justice GRAY concurs in the judgment but not the opinion of the Court without a separate opinion).

**2.** Consistent with article 42.14 however, a misdemeanor trial may proceed to judgment in the defendant's absence "when the defendant voluntarily absents himself *after* pleading to the indictment or information, or *after* the jury has been selected when trial is before a jury." TEX.CODE CRIM. PROC. ANN. art. 33.03 (Vernon 2006) (emphases added).