

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-12-00107-CR

---

CHADRICK MANDREAL JONES, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 7th District Court
Smith County, Texas
Trial Court No. 007-1036-11

---

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

When Chadrick Mandreal Jones was stopped for speeding in Smith County,[1] State Trooper Ryan Thompson noticed that Jones had bloodshot eyes and a strong odor of alcohol. Based on Jones' performance of a horizontal gaze nystagmus test, a walk and turn test, and a one-leg stand test, Trooper Thompson arrested Jones for driving while intoxicated (DWI). A blood sample taken shortly thereafter indicated that Jones had a blood-alcohol concentration of 0.18 grams of alcohol per one hundred milliliters. These events resulted in Jones' conviction by a jury for the third degree felony offense of DWI, the sentence for which was enhanced by a prior felony conviction.[2] *See* TEX. PENAL CODE ANN. §§ 49.04(b) (basic DWI, a class B misdemeanor), 49.09(b)(2) (DWI, plus two prior DWIs, elevates offense to third degree felony), 12.42(a) (punishment for third degree felony enhanced to punishment range of second degree felony with proof of another felony that is not state-jail) (West Supp. 2012).

At a pretrial hearing, Jones argued that the Shelby County judgment used as an enhancement of his offense was void. The trial court rejected Jones' argument, and the jury found Jones guilty. Jones pled true to the sentence enhancement, and the trial court sentenced Jones to eighteen years' imprisonment. On appeal, Jones attacks the Shelby County judgment,

---

[1]Originally appealed to the Tyler Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005). We are unaware of any conflict between precedent of the Tyler Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]Jones' offense was enhanced from a class B misdemeanor to a third degree felony because Jones had been previously convicted twice of DWI—first, a class B misdemeanor September 8, 1999, in Shelby County, Texas (the Shelby County judgment), and next, a class A misdemeanor January 10, 2007, in Smith County, Texas. Jones' sentence was enhanced because he had also been previously convicted of a federal felony offense for the use of a communication facility to facilitate the commission of a drug trafficking crime.

alleges ineffective assistance of counsel, and complains about the trial court's order concerning court costs.

We modify the judgment to reflect the correct amount of court costs and to reflect that Jones was convicted of a third degree felony. We affirm the trial court's judgment as modified because (1) Jones has not shown the Shelby County judgment was void, (2) the ineffective-assistance claim cannot now be raised, and (3) supplementing the record with a bill of costs supports the award of court costs.

*(1)*     *Jones Has Not Shown the Shelby County Judgment Was Void*

In three issues, Jones attacks the Shelby County judgment.[3] Although the Shelby County judgment provides "came the Defendant in person," Jones claims the record rebuts this boilerplate recital. Jones notes he was in federal prison at the time of the judgment and that pleas in absentia did not become permissible until 2009 when Article 27.19 of the Texas Code of Criminal Procedure—which provides the requirements for accepting pleas from persons confined in a penal institution—became effective. *See* TEX. CODE CRIM. PROC. ANN. art. 27.19 (West Supp. 2012).

Jones' arguments are collateral attacks on the Shelby County judgment. A collateral attack on a prior judgment of conviction is permitted "only if the prior judgment is void, and not merely voidable." *Rhodes v. State*, 240 S.W.3d 882, 887 (Tex. Crim. App. 2007). A void judgment "is a 'nullity' and can be attacked at any time." *Nix v. State*, 65 S.W.3d 664, 667–68

---

[3]Jones argues, specifically, that the evidence concerning the Shelby County judgment was legally insufficient, that the Shelby County judgment was void, and that the trial court erred in not granting his motion to quash based on the judgment being void.

(Tex. Crim. App. 2001). The Texas Court of Criminal Appeals has set out a nearly exclusive list

of conditions under which a judgment is void:

> (1) the document purporting to be a charging instrument (i.e. indictment, information, or complaint) does not satisfy the constitutional requisites of a charging instrument, thus the trial court has no jurisdiction over the defendant, (2) the trial court lacks subject matter jurisdiction over the offense charged, such as when a misdemeanor involving official misconduct is tried in a county court at law, (3) the record reflects that there is no evidence to support the conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel . . . . While we hesitate to call this an exclusive list, it is very nearly so.

*Id.* at 668 (citations omitted) (footnotes omitted).

Jones argues that the Shelby County judgment—finding Jones guilty of the class B

misdemeanor of DWI, first offense—is invalid because he was absent from the proceeding at

which his plea was taken. The law on whether a plea can be taken in absentia is conflicting.[4] It

---

[4] Jones relies on *Millman v. State*, 487 S.W.2d 750, 751 (Tex. Crim. App. 1972), to support his claim that pleas in absentia are prohibited. In *Millman*, the Texas Court of Criminal Appeals harmonized former Article 42.14 and former Article 42.02 by concluding a trial court could not accept a plea in absentia and sentence a defendant in absentia if the offense had the potential of imprisonment. *See id.* Although former Article 42.14 permitted pleas in absentia for all misdemeanor cases, former Article 42.02 required all sentences, "except in misdemeanor cases where the maximum possible punishment is by fine only," to be orally pronounced in the defendant's presence. *Id.* (quoting former Article 42.02). Thus, the Texas Court of Criminal Appeals concluded the defendant's presence was required for all cases in which imprisonment was a potential punishment. *Id.*

In 1981, the Texas Legislature removed the oral pronouncement requirement from former Article 42.02, moved it to Article 42.03, and added the following exception: "[E]xcept as provided by Article 42.14." Act of May 31, 1981, 67th Leg., R.S., ch. 291, 1981 Tex. Gen. Laws 809, 820 (amended 1983) (current version at Tex. Code Crim. Proc. Ann. art. 42.03 (West Supp. 2012)); *see Meachum v. State*, 273 S.W.3d 803, 804 (Tex. App.—Houston [14th Dist.] 2008, order), *disp. on merits*, No. 14-07-00811-CR, 2008 Tex. App. LEXIS 9726 (Tex. App.—Houston [14th Dist.] Dec. 30, 2008, no pet.) (mem. op., not designated for publication). A few courts have continued to follow *Millman* without consideration of the legislative amendments. *See, e.g.*, *Edwards v. State*, 106 S.W.3d 377, 380 (Tex. App.—Fort Worth 2003, no pet.); *Clough v. State*, No. 2-03-344-CR, 2005 Tex. App. LEXIS 1151 (Tex. App.—Fort Worth Feb. 10, 2005, no pet.) (not designated for publication).

Although the 1981 Legislative changes resolved the conflict between former Article 42.02 and former Article 42.14, Article 33.03 requires the presence of the defendant "when the punishment or any part thereof is imprisonment in jail" with a few exceptions not present here. *See* Tex. Code Crim. Proc. Ann. art. 33.03 (West 2006). Jones cites *In re Hearon*, 228 S.W.3d 466 (Tex. App.—Waco 2007, orig. proceeding) (per curiam), for the proposition that pleas in absentia are not permitted if imprisonment is a punishment option. While the Waco Court of Appeals did hold Article 33.03 requires, when the sentence involves imprisonment, the presence of the defendant

4

is not necessary, though, for us to determine the law on that subject, faced with apparently irreconcilable statutes. Assuming, without deciding, pleas in absentia were not permitted in 1999 and assuming, without deciding, that Jones' absence would result in the Shelby County judgment being void,[5] Jones has failed to show he was not present at the plea and sentencing.

The only evidence that is intended to support the claim that Jones was not present at the plea hearing was the testimony of the clerk of the federal court, a docket sheet from the federal court, and the dates on the judgment. Although the Shelby County judgment provides that Jones appeared in person, Jones' signature is dated September 29, 1999, despite the date of the judgment and sentence being September 8, 1999. Further, a handwritten notation near the defendant's fingerprint contains the date of September 21, 1999. Marilyn Covey, a clerk for the Eastern District of Texas, testified Jones received a forty-eight-month sentence in federal court April 5, 1999, and was remanded to the custody of the "FCI Texarkana" May 20, 1999. Covey admitted the docket sheet does not "indicate at any subsequent date, later time, that Mr. Jones

unless one of the exceptions of Article 33.03 applies, the Waco court was not resolving the conflict between Articles 42.14 and 33.03. *See id*.

The resolution of the conflict between Articles 42.14 and 33.03 requires a different analysis than the resolution in *Millman*. In *Millman*, both statutes were enacted at the same time. *Millman*, 487 S.W.2d at 752 ("It should be borne in mind that Articles 42.02 and 42.14, supra, are acts in pari materia, parts of the same code enacted at the same time."). Unlike *Millman*, the statutes in this case were not enacted at the same time. The general rule is that the more recently enacted statute controls may apply. *See* TEX. GOV'T CODE ANN. § 311.025 (West 2005). Article 42.14, which permits pleas in absentia, has been more recently amended. In 2009, the Texas Legislature passed Article 27.19, which provides specific requirements and procedures for a plea in absentia by a person confined in a penal institution. *See* TEX. CODE CRIM. PROC. ANN. art. 27.19. Unlike Articles 42.03, 42.14, and 33.03, Article 27.19 does not apply generally, but only to pleas by inmates. Thus, it is possible that, pursuant to TEX. GOV'T CODE ANN. § 311.026(b) (West 2005), the more specific statute of Article 27.19 would control over the general statutes of Articles 42.03, 42.14, and 33.03. We need not decide this question.

[5]*Cf. Meachum*, 273 S.W.3d at 804 (concluding oral pronouncement of sentence in defendant's presence is jurisdictional).

5

was transferred to Shelby County or to any other place." The docket sheet further indicates that Jones was "[s]hipped to FRC on 10/4/01."

Jones claims a concession from the State that there was no evidence "that Mr. Jones was ever brought back to Shelby County in September of '99 to actually do this plea." The State, though, did not have any obligation to disprove Jones' allegations. The State met its obligation to prove the Shelby County judgment by introducing a certified copy of it and providing testimony that the fingerprints on the judgment matched Jones' fingerprints. *See Flowers v. State*, 220 S.W.3d 919, 922 (Tex. Crim. App. 2007) (introducing prior judgment and sentence was best method to prove prior conviction). The State did not have a burden to prove the judgment recital was correct. It was Jones' burden to prove by a preponderance of the evidence that the conviction was void. *Jones v. State*, 77 S.W.3d 819, 823 n.15 (Tex. Crim. App. 2002) (citing *Acosta v. State*, 650 S.W.2d 827, 833 (Tex. Crim. App. 1983)); *Ex parte Smith*, 650 S.W.2d 68, 70 (Tex. Crim. App. 1982); *Williams v. State*, 309 S.W.3d 124, 129 (Tex. App.— Texarkana 2010, pet. ref'd); *Battle v. State*, 989 S.W.2d 840, 841 (Tex. App.—Texarkana 1999, no pet.). Judgment recitals set up a presumption that the proceedings are regular and the recitals true, and the presumption stands unless there is direct proof that the recitals are false. *Breazeale v. State*, 683 S.W.2d 446, 450–51 (Tex. Crim. App. 1984); *Lincoln v. State*, 307 S.W.3d 921, 922 (Tex. App.—Dallas 2010, no pet.).

At best, Jones' evidence merely raises a suspicion that Jones may not have been present. Although Jones argued that the federal docket sheet would reflect any transfer to Shelby County,

the record does not contain any evidence supporting this assertion.[6] The record does not contain any testimony from an employee of the federal prison concerning Jones' whereabouts September 8, 1999. Jones may have been physically present for the plea and sentencing, but his signature and fingerprint may have been obtained at a later date. Further, the dates by Jones' signature and fingerprint could have been incorrect. The record does not contain any evidence that produces more than a mere suspicion that Jones was not present. Jones failed to prove by a preponderance of the evidence that the Shelby County judgment was void.

Because all of Jones' first three issues depend on evidence that the Shelby County judgment was void, it is not necessary to address each issue individually. Because Jones failed to prove the Shelby County judgment was void, we overrule those issues.

*(2)    The Ineffective-Assistance Claim Cannot Now Be Raised*

In his amended brief, Jones urges that his trial counsel was ineffective. At the conclusion of the pretrial hearing concerning whether the Shelby County judgment was void, the trial court expressed the intention to let the matter be submitted to the jury. Jones argues his trial counsel's failure to present any evidence in front of the jury was ineffective assistance of counsel. The State asks that we strike this issue,[7] because this issue was not present in Jones' original brief and is not related to the authorized supplementation. We agree.

---

[6]Jones claimed at trial that the federal prison requires filing a writ of "habeas addendum or something" before releasing a prisoner. As correctly noted by the trial court, this assertion is "outside the record." The record does not contain any evidence or citations to legal authority concerning the procedure to transfer a prisoner from federal custody to state custody.

[7]The State alternatively argues we must presume the failure was due to trial strategy and the record does not establish the failure was so outrageous no competent attorney would have engaged in it.

7

When the State supplemented the record with the bill of costs, as noted below, we granted Jones permission to file a supplemental brief. Our order provided permission for "additional briefing on any matter touching on the bill of costs or the propriety of its filing by this Court as part of the record in this case." Jones did not otherwise request permission to raise a new issue. We agree with the State that the addition of this issue is inconsistent with the terms we prescribed. *See* TEX. R. APP. P. 38.1, 38.7; *see Garrett v. State*, 220 S.W.3d 926, 928 (Tex. Crim. App. 2007) (court of appeals not required to address issues not raised in original brief or with permission of court). We strike Jones' issue alleging ineffective assistance of counsel.

*(3)    Supplementing the Record with a Bill of Costs Supports the Award of Court Costs*

Jones challenges the legal sufficiency[8] of the trial court's order that he pay $498.00 in court costs. Jones argues, because the bill of costs had not been prepared,[9] the evidence is legally insufficient. The State has supplemented[10] the record with a bill of costs specifying

---

[8]Texas law is clear that sufficiency of the evidence cannot be forfeited and does not need to be preserved for appellate review. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010) ("sufficiency of evidence of [defendant's] financial resources and ability to pay were likewise not waived by his failure to raise such a complaint at trial"); *Moff v. State*, 131 S.W.3d 485, 489 (Tex. Crim. App. 2004); *Flanary v. State*, 316 S.W.2d 897, 898 (Tex. Crim. App. 1958) (op. on reh'g).

[9]Costs are not payable until a bill of costs is produced or "ready to be produced." TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006).

[10]Under the Texas Rules of Appellate Procedure, "any party" may request supplementation. *See* TEX. R. APP. P. 34.5(c).

$675.10 in court costs.[11]  As this issue concerns a criminal matter, it can be addressed in a direct appeal.[12]

This Court has modified judgments in at least two cases because court costs are not payable until a bill of costs is produced or "ready to be produced"[13] and no bill of costs had been prepared.  *See Cuba v. State*, No. 06-12-00106-CR, 2012 Tex. App. LEXIS 10260 (Tex. App.—Texarkana Dec. 11, 2012, no pet.) (mem. op., not designated for publication); *Tafolla v. State*, No. 06-12-00122-CR, 2012 Tex. App. LEXIS 10555 (Tex. App.—Texarkana Dec. 20, 2012, no pet. h.) (mem. op., not designated for publication).  Supplementation of the record with something that did not exist at trial would normally be absolutely prohibited.  "[T]he supplementation rules cannot be used to create new evidence." *Whitehead v. State*, 130 S.W.3d 866 (Tex. Crim. App. 2004) (appellate court's review of record itself is generally limited to evidence before trial court at time of trial court's ruling); *see Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010) (rejecting State's request for remand to supplement record with evidence supporting attorney's fees awarded as court costs); *see also* TEX. R. APP. P. 34.5(c).

---

[11]The bill of costs includes $177.10 for the preparation of the clerk's record.  If this amount is subtracted from $675.10, the resulting sum is $498.00.

[12]The issue of whether the challenge is criminal or civil is well settled law in Texas.  The Texas Court of Criminal Appeals has recognized that an award of costs and/or attorney's fees in a judgment of conviction is a criminal proceeding.  *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011).  On the other hand, the "means of collection" of court costs or attorney's fees (often accomplished by garnishment of an inmate's trust account) is a civil matter.  *Id.* at 766; *see Harrell v. State*, 286 S.W.3d 315, 318 (Tex. 2009) (concluding post-deprivation due process sufficient for withdrawal from inmate trust account).  The Texas Court of Criminal Appeals approved of the Amarillo court's observation that "an effective bill of costs is not the functional equivalent of a correct bill of costs." *Id.* at 767 n.15 (quoting *Armstrong v. State*, 320 S.W.3d 479, 484 (Tex. App.—Amarillo 2010), *rev'd on other grounds*, 340 S.W.3d 759 (Tex. Crim. App. 2011)).

[13]TEX. CODE CRIM. PROC. ANN. art. 103.001.

We conclude, however, that supplementation with a newly created bill of costs is not prohibited by this general rule. Unlike actions taken by the trial court after an appellate record has been filed,[14] there appears to be no authority limiting the district clerk's jurisdiction to prepare the bill of costs after an appellate record has been filed.

The Texas Court of Criminal Appeals has explicitly held court costs are not part of the sentence and need not be orally pronounced or incorporated by reference into the judgment. *Armstrong*, 340 S.W.3d at 766–67. Further, a bill of costs certified by the district clerk is not evidence but rather a governmental record. While preparing a bill of costs has significance,[15] it merely documents what occurred during the trial.[16] The substance of the bill of costs is not newly created, only the compilation of the substance is new. The bill of costs is an "omitted" item because it is to be only a compilation of records that existed previously. *See* TEX. R. APP. P. 34.5(c) (relevant item omitted). Thus, we conclude the record can be supplemented with the bill of costs. *See Cardenas v. State*, No. 01-11-01123-CR, 2013 Tex. App. LEXIS 1155 (Tex. App.—Houston [1st Dist.] Feb. 7, 2013, no pet. h.) (designated for publication) (rejecting due process challenge to supplementation of record with bill of costs).

---

[14]The trial court lacks jurisdiction once the appellate record is filed. *See* TEX. R. APP. P. 25.2(g) ("Once the record has been filed in the appellate court, all further proceedings in the trial court—except as provided otherwise by law or by these rules—will be suspended until the trial court receives the appellate-court mandate."); *Green v. State*, 906 S.W.2d 937, 939 (Tex. Crim. App. 1995) (findings of fact and conclusions of law entered after appellate record filed were void).

[15]TEX. CODE CRIM. PROC. ANN. art. 103.001 (court costs not payable until bill of costs is produced or "ready to be produced").

[16]Unless relevant, a bill of costs is not normally required to be part of an appellate record. *See Gonzales v. State*, No. 07-10-00383-CR, 2012 Tex. App. LEXIS 6905 (Tex. App.—Amarillo Aug. 17, 2012, pet. ref'd) (mem. op., not designated for publication).

The State argues the record supports an order that Jones pay $675.10 in court costs. The record, however, affirmatively demonstrates one of the court costs should not have been charged.[17] The bill of costs contains a Graffiti Eradication Fee of $5.00. In support of the fee, the State cites Article 102.0171(a) of the Texas Code of Criminal Procedure and the District Clerk's Felony Court Costs Chart produced by the Texas Office of Court Administration (OCA).[18] OCA's chart does not list this fee as authorized for a felony DWI. Article 102.0171(a) authorizes this fee only when a defendant has been convicted of the graffiti offense. *See* Tex. Code Crim. Proc. Ann. art. 102.0171(a) (West Supp. 2012); Tex. Penal Code Ann. § 28.08 (West 2011) (graffiti). Because the record affirmatively demonstrates Jones was convicted of felony DWI, not of a graffiti offense, the record does not support the assessment of the $5.00 Graffiti Eradication Fee. The bill of costs supports court costs of $670.10. Jones' issue is overruled.[19]

---

[17]The bill of costs contains (1) a warrant fee pursuant to Article 102.011(a)(2) of the Texas Code of Criminal Procedure, which permits a fee of $50.00 if an arrest warrant is issued; (2) a video fee pursuant to Article 102.018(a) of the Texas Code of Criminal Procedure, which permits a fee of $15.00 if a recording is made "subsequent to the arrest"; and (3) a DNA sample cost pursuant to Article 102.020 of the Texas Code of Criminal Procedure, which permits a fee of $34.00 if a defendant is placed on community supervision and is required to submit a DNA sample. The record suggests, but does not establish, that these fees are inappropriate. The record indicates Jones was arrested without a warrant and the in-car video recording introduced into evidence occurred before the arrest. The record, though, does not affirmatively establish that a second video recording, such as a video of additional field sobriety tests at the police station, does not exist. Although Jones was released on bail before trial, Jones was not granted community supervision. Because Jones does not argue these fees were improper and the record does not affirmatively demonstrate they were improper, we will assume these fees were proper and the supporting documentation has merely not been made part of the appellate record.

[18]This chart is a summary of the court costs and statutory authorizations for various felony prosecutions. Available at http://www.courts.state.tx.us/oca/pdf/DC-CRFeeChart.pdf.

[19]Although Jones had been declared to be indigent, the presumption of indigency disappears when a defendant retains counsel. *See Easily v. State*, 248 S.W.3d 272, 281 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). The record does not contain a new pauper's affidavit or other indication of indigency after Jones' retained counsel filed a designation of counsel. Jones' docketing statement on appeal indicates his appellate counsel is retained. Thus, it is

The State requests that we modify the trial court's judgment and withdrawal order to assess the correct amount of court costs. Because they are compensatory in nature rather than punitive, court costs and attorneys' fees need not be orally pronounced or incorporated by reference into the judgment. *Armstrong*, 340 S.W.3d at 766–67. We modify the judgment to order Jones to pay $670.10 in court costs.

We also must modify the judgment regarding the degree of the offense. During our review of the case, we noticed that the judgment specifies the degree of the offense was a second degree felony. Although the alleged enhancement increased the punishment range to that equivalent to a second degree felony, the charged offense of DWI with two prior convictions for DWI is a third degree felony. TEX. PENAL CODE ANN. §§ 12.42, 49.04, 49.09. This Court has authority to modify the judgment to make the record speak the truth when the matter has been called to our attention by any source. *French v. State*, 830 S.W.2d 607 (Tex. Crim. App. 1992). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act sua sponte and may have a duty to do so." *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.— Texarkana 2009, no pet.). We modify the judgment to provide that Jones was convicted of a third degree felony, with his sentence enhanced by a prior felony conviction.

not necessary for us to determine in this appeal whether an appellant's ability to pay affects his or her responsibility to pay court costs.

After modifying the judgment to reflect court costs of $670.10 and to provide Jones was convicted of a third degree felony, DWI, enhanced by one prior felony conviction to a second degree felony punishment range, we affirm the judgment as modified

.

Josh R. Morriss, III
Chief Justice

Date Submitted:     March 4, 2013
Date Decided:       March 19, 2013

Do Not Publish